Pages 1 - 11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Edward M. Chen, Judge

DR. SHAUN L. W. SAMUELS,          )
                                  )
          Plaintiff,              )
                                  )
   VS.                            )     NO. C 13-02261 EMC
                                  )
TRIVASCULAR CORPORATION,          )
                                  )
          Defendant.              )
                                  )

                           San Francisco, California
                           Thursday, July 16, 2015

                    **TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:
For Plaintiff Dr. Shaun L. W. Samuels:
                    The Petruzzi Law Firm
                    4900 Woodway, Suite 745
                    Houston, TX  77056
                    (713) 840-9993
                    (713) 877-9100 (fax)
               BY:  **JAMES D. PETRUZZI**


For Defendants TriVascular Corporation, *et al*.:
                    Kirkland & Ellis LLP
                    3330 Hillview Avenue
                    Palo Alto, CA  94304
                    (650) 859-7052
                    (650) 859-7500 (fax)
               BY:  **MARC HOWARD COHEN**
                    **KIM-LIEN THI DANG**




Reported By:  Lydia Zinn, CSR #9223, Official Reporter

**Thursday - July 16, 2015**                                    **1:37 p.m.**

                        **P R O C E E D I N G S**

            **THE CLERK:**  Please be seated.  Calling Case C.13-2261, *Samuels versus TriVascular*.  Counsel, please come to the podium and state your name for the record.

            **MR. PETRUZZI:**  Good afternoon, Your Honor. Jim Petruzzi, for the plaintiff Dr. Samuels.

            **THE COURT:**  Good afternoon, Mr. Petruzzi.

            **MR. COHEN:**  Good afternoon, Your Honor.  Marc Cohen, on behalf of TriVascular; and Lien Dang, also on behalf of TriVascular.

            **THE COURT:**  All right.  Good afternoon, Mr. Cohen, Ms. Dang.

     We're on for plaintiff's motion to leave.  And the plaintiff seeks to amend the Complaint to add his three individual defendants.  And the first question is whether or not there was a Rule 16 issue here.  And, for one reason or another, the stipulation was never signed off on and actually entered.  And I'm sort of looking into exactly why that happened.  I think what happens is when we get certain things, that we usually have a notation on the docket.  And there's a little gavel, and it tells us we've got something to do.  And for some reason, it wasn't entered on this.

     So to the extent that we didn't enter the order or react to it, I apologize for that; but the fact remains that we

didn't.  We don't have an order.  And therefore, I can't invoke Rule 16 in a formal way.  So I'm not going to apply Rule 16 good-cause standard, because we just don't have an order.

So then we're going to proceed under Rule 15.  And I understand the arguments about bad faith and futility, but it does seem to me, from what I can see, given the standard here -- the liberal standards of Rule 15 -- it's a pretty hard sell not to allow the amendment.

I understand there's a 2006 settlement agreement that purports to release all claims for any damages, et cetera, arising out of, based upon, or in connection with any past acts.  And as I understand the allegations, it is that the device that is at issue here was completely different in this case than was in existence at the time of the settlement; that that's your contention.

**MR.PETRUZZI:**  That's our contention.  And the acts are acts of patent infringement, so the settlement is for past acts of patent infringement.  So that's -- we don't even believe it's applicable.

**THE COURT:**  If it were the same device, could one argue that subsequent infringing activities might be based upon past acts?  I know that argument.

**MR. PETRUZZI:**  You know, it's an argument, but it's not a basis for denying the motion to amend, nor does it undercut the allegations of our claim.  It's a counterclaim.

It's not anything more than that.

THE COURT:  Right.

MR. COHEN:  Just to clarify --

THE COURT:  Sure.

MR. COHEN:  -- we have the settlement agreement. It's Exhibit 3 to our opposition brief.  And I think maybe Mr. Petruzzi just misspoke, because the waiver relates to TriVascular's past acts pertaining to the subject matter of the claims in that Texas Action.  So the subject matter of the claims was a lot more than just patent infringement.

And, of course, the design and developing of that stent is the very thing that they're now accusing of infringement.  So I know we don't want to argue that right here, but I just want to clarify that.

THE COURT:  But generally the releasing language -- it's pretty hard to release future conduct.  I mean, you usually have to have much more express language, I think.  This is still fairly general, releasing parties from all causes of action, claims, et cetera, of any -- based upon, arising out of, or in connection with any past acts.  It's --

MR. COHEN:  Right.  The past act, of course, would be the design, development, seeking FDA approval.  All of that was accused in the previous lawsuit.  And so, of course, our contention is that all of those acts led to the current product.  It is essentially the same product; the same people.

They're actually accusing these three individuals which were the founders of the company.  Right?  So these are the founders of the company back from 1998.  They've known of these three individuals for over nine years.  They've put that in their initial disclosures in the Texas Action, which we included as Exhibit 10.

**THE COURT:**  That goes to the undue-delay question, of waiting all this time.

**MR. COHEN:**  It relates also, yes, to the fact --

**THE COURT:**  Yeah.

**MR. COHEN:**  -- that what they're accusing is -- relates to these past acts.

**THE COURT:**  Although, again, it's -- these three are accused of some form of infringement.  I'm not sure if you're alleging --

**MR. PETRUZZI:**  I think they're being accused of inducing infringement.  That's new infringement that occurred when they reformed the company; not something from 10 years ago.

**THE COURT:**  Right.  And for nothing based on their acts prior to 2006?

**MR. PETRUZZI:**  No.  They restarted the company and started a whole new business, basically.

**THE COURT:**  So pre-2006 conduct will not be the subject -- it may be background, but it's not going to be the

subject of any liability.

**MR. PETRUZZI:**  It wouldn't be.  And there's only a six-year statute under the patent law going back from when we filed the suit.  It probably wouldn't get back to 2006, since we filed in May 2013.

**THE COURT:**  You got a concession there.

**MR. PETRUZZI:**  I can't go back farther than six years.

Let me raise one more thing.  Under Rule 15, you know, prejudice is the issue of the day.  And that wasn't even asserted in their opposition, because there is none.

And the delay is unduly delaying the litigation against TriVascular.  It's not the time period on which we could have or should have.  Had we filed it, under even their theory, by April 13th, we would have been totally timely.  And that would have been two years after the case was filed.  So seems to me that it's just straightforward under Rule 15.

**THE COURT:**  And the law in the Ninth Circuit is that you have to have a showing of prejudice, even if you have undue delay.  If it's futility, you may not have to show prejudice.  And that's why I addressed the futility as a separate item; but the futility's a tough argument.  It's not just a straight 12(b)(6), in that you can't have -- it's not conceivable that any set of facts could be pled.

And the same goes to the argument that there's no clear

basis, under *Iqbal*.  The *Iqbal* standards of asserting individual liability here -- I assume we're going to see that on a 12(b)(6) motion.

But to say that at this juncture I can predict that there is absolutely no way to meet one of the means of finding either direct or indirect infringement -- I don't think I can say that.  So that's without prejudice, of course, to a full 12(b)(6) hearing of this, as well as -- I may raise a settlement question either in this context, or we'll have to do it on a Rule 56 motion.  I'm not sure.

But with respect to undue delay, I don't find there's a sufficient showing of prejudice that would prevent the amendment.  So I'm going to allow the amendment.  That is, of course, without prejudice to adjudicating the merits of some of the issues that you've raised, which -- I expect if I'm going to allow this, you will now have a certain amount of time to file your response.  And I can anticipate and you can anticipate exactly what it's going to look like.

MR. COHEN:  Yes, Your Honor.  And so you're allowing them to amend -- I'm sorry -- to file what -- their proposed Amended Complaint?

THE COURT:  Yes, yes.

MR. COHEN:  Okay.  At that point, we will -- because what we did in our futility argument is we raised the 12(b)(6) --

**THE COURT:** Right.

**MR. COHEN:** -- on behalf of TriVascular.

Of course, the individuals -- I don't know if we'll represent them, or not. They'll then have their own opportunity to file their own 12(b)(6).

**THE COURT:** So how long? We should set some time line. Now that I've allowed the amendment, you've got to serve. Right?

**MR. PETRUZZI:** Correct. Unless they're accepting services, these are current or former. I gather from last night, two of them are no longer with the company as of recently.

**MR. COHEN:** Two of the three are no longer with the company.

**MR. PETRUZZI:** Yeah, but they are officers of the company.

**THE COURT:** I don't know if we're going to want to go 60 days to file a response -- or you might as well do it together, rather than getting it piecemeal. Is that enough time for you to serve fairly quickly? Shall we set 75, 90 days?

**MR. PETRUZZI:** I don't know how hard it's going to be to serve if they're evading, but they should be findable.

**MR. COHEN:** I don't think they're going to evade service, Your Honor. It's a little difficult, because I don't

know whether or not we're going to represent them.  I don't know if we can represent them.

THE COURT:  Maybe they need to retain counsel.

MR. COHEN:  Yes.  So that's a little difficult for me to speak on their behalf, but I would think that 60 days would be enough.

THE COURT:  All right.  Why don't we go ahead and tentatively say for the record that you can notice your 12(b)(6) motion to be heard two months from now.  Betty, that takes us to?

THE CLERK:  September 24th, at 1:30.

THE COURT:  Why don't we set September 24th as a hearing date on your anticipated 12(b)(6) motion, as well as -- presumably the individual defendants will have been served, and will have retained counsel.  And that will give them time to also get their -- if they're going to respond by way of motion, to get that on file, too.  So the 24th of September, 1:30, will be the hearing.  And we'll see you then.

MR. COHEN:  One other thing, Your Honor.

MR. PETRUZZI:  And should we enter the rule -- the --

MR. COHEN:  Go ahead.

MR. PETRUZZI:  Should we enter the scheduling order at this point, in any event?  We have a whole bunch of dates we've actually complied with.  Both TriVascular and Samuels have exchanged claim constructions and whatnot.  We're trying

to live up to the Order, but it hasn't been entered yet.

MR. COHEN:  Yeah.  The difficulty would be when we start to add new parties.  We've already exchanged our 401 disclosures, 402 disclosures.

THE COURT:  Mm-hm.

MR. COHEN:  We actually have a joint statement which is due with Your Honor within two weeks.

THE COURT:  Right.

MR. COHEN:  I don't know.  I suspect that the individuals will want to have their -- their own schedule.

THE COURT:  Well, kind of depends.

I'm inclined to keep the schedule in place now.  And then if they retain counsel and believe that they have a different perspective, rather than just join in on, for instance, claim construction, I may have to revisit that.  That is the one thing.

And I will tell you now that I do need to move our claim-construction hearing from the 26th of October, which is currently set, to the following week:  November 3rd.  So I wanted you to --

MR. COHEN:  I saw that, and I was going to raise it. Thank you.

THE COURT:  Yeah.  Put that on your calendar.  And again, if, as a result of bringing in new parties, and if they're still in the case notwithstanding the 12(b)(6)

motion -- if for some reason they feel that they need some additional time to participate from their own perspective in claim construction, I guess they can make their motion to alter the schedule at that point.  Right now, I don't know that to be the case.  I'm not sure why that would be the case, but it could be.  But let's -- right now, let's -- we're going to assume that the schedule in place holds.  All right?

        **MR. COHEN:**  Thank you, Your Honor.

        **MR. PETRUZZI:**  Thank you.

        **THE COURT:**  Thank you.

(At 1:49 p.m. the proceedings were adjourned.)

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____   July 24, 2015
Signature of Court Reporter/Transcriber    Date
Lydia Zinn