James D. Petruzzi (Bar No. 115175)
THE PETRUZZI LAW FIRM
4900 Woodway, Suite 745
Houston, TX 77056
Telephone: (713) 840-9993
Facsimile: (713) 877-9100
jdpetruzzi@gmail.com

Attorneys for Plaintiff

Marc H. Cohen (Bar No. 168773)
Lien K. Dang (Bar No. 254221)
KIRKLAND & ELLIS LLP
3330 Hillview Avenue
Palo Alto, CA 94304
Telephone: (650) 859-7000
Facsimile: (650) 859-7500
marc.cohen@kirkland.com
lien.dang@kirkland.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DR. SHAUN L. W. SAMUELS,<br><br>Plaintiff,<br><br>vs.<br><br>TRIVASCULAR, INC., ET AL.<br><br>Defendants. | CASE NO. 3:13-CV-02261-EMC<br><br>**STIPULATION AND [PROPOSED] ORDER AND FINAL JUDGMENT OF NON-INFRINGEMENT OF THE '575 PATENT** |
| TRIVASCULAR, INC.,<br><br>Counter-Claimant,<br><br>vs.<br><br>DR. SHAUN L. W. SAMUELS,<br><br>Counter-Defendant. | Judge: Hon. Edward M. Chen |

WHEREAS, Plaintiff Dr. Shaun L.W. Samuels ("Samuels") and Defendant TriVascular, Inc. ("TriVascular"), and individual Defendants Michael A. Chobotov, Robert G. Whirley, and Joseph W. Humphrey ("Individual Defendants") ("the Parties") stipulate and move for entry of judgment of non-infringement under all claims of U.S. Patent No. 6,007,575 ("the '575 patent") as to the Defendants based on the Court's Claim Construction Order (Dkt. No. 92);

WHEREAS, entering judgment of non-infringement now will allow the parties to forego further litigation in this Court of the '575 patent, while preserving Samuels's right to appeal the Court's Claim Construction Order (Dkt. No. 92);

WHEREAS, Civil L.R. 54-1(a) requires that Bill of Costs be served and filed no later than 14 days after entry of judgment;

WHEREAS, Civil L.R. 54-5 requires that a Motion for Fees be served and filed no later than 14 days after entry of judgment; and

WHEREAS, Samuels intends to appeal the Court's forthcoming entry of a judgment of non-infringement based on this stipulation.

IT IS HEREBY STIPULATED AND AGREED by the Parties, subject to the approval of the Court, as follows:

1.  This is a patent infringement action brought by Samuels against TriVascular, Michael A. Chobotov, Robert G. Whirley, and Joseph W. Humphrey.  Samuels filed this patent litigation action against TriVascular on May 17, 2013.  *See* Dkt. No. 1.  Samuels filed a Second Amended Complaint on August 13, 2015 adding the Individual Defendants.  *See* Dkt. No. 77.  The Defendant TriVascular filed an Answer, Affirmative Defenses and Counterclaims to Plaintiff's Second Amended Complaint on August 27, 2015 (Dkt. No. 78), and the Individual Defendants filed their Answer and Affirmative Defenses on August 27, 2015 (Dkt. No. 79).  TriVascular's pending counterclaims are patent counterclaims of non-infringement (First Counterclaim) and invalidity (Second Counterclaim), as well as counterclaims for breach of contract and promissory estoppel (Third, Fourth and Fifth Counterclaims).  Plaintiff has asserted infringement of claims 1-7, 9-11, 13-17, 19-21, and 23-24 of the '575.

2.  On November 12, 2015, this Court construed certain claim terms found in the '575 patent. (Claim Construction Order, Dkt. No. 92).

3. The Parties disputed the construction of the term "means for injecting an inflation material into said cuff to inflate it " and "means for inflating the cuff with inflation material" of claims 1, 14 and 23 of the '575 patent as follows:

| Claim Term | Samuels | Defendants |
|---|---|---|
| **means for injecting an inflation material into said cuff to inflate it [claim1]** | This is a means-plus-function element governed by 35 U.S.C. §112, ¶ 6.<br><br>**Function**: The function is injecting an inflation material into said cuff to inflate it.<br><br>**Structure**: The corresponding structure is an inflation device, such as the kind of syringe shown in Figs. 1 and 9a-9c (71, 117) and inflation tubing (61, 115). | This is a means-plus-function limitation governed by 35 U.S.C. §112, ¶ 6.<br><br>**Function:** The function is injecting an inflation material into said cuff to inflate it.<br><br>**Structure:** The corresponding structure is an inflation syringe of the kind shown in Figs. 1 and 9a-9c (71, 117) containing an inflation material; inflation tubing (61, 115) with a mating end (63) that opens a valve by separating opposing leaflets (51, 53) that are in an inflation port (39, 123) to inflate the cuff. |

| Claim Term | Samuels | Defendants |
|---|---|---|
| **means for inflating the cuff with inflation material [claim 14]**<br><br>**means for inflating the plurality of cuffs with inflation material [claim 23]** | This is a means-plus-function element governed by 35 U.S.C. §112, ¶ 6.<br><br>**Function**: The function is inflating the cuff/plurality of cuffs with inflation material.<br><br>**Structure**: The corresponding structure is an inflation device, such as the kind of syringe shown in Figs. 1 and 9a-9c (71, 117) and inflation tubing | This is a means-plus-function limitation governed by 35 U.S.C. §112, ¶ 6.<br><br>**Function:** The function is inflating the cuff/plurality of cuffs with inflation material.<br><br>**Structure:** The corresponding structure is an inflation syringe of the kind shown in Figs. 1 and 9a-9c (71, 117) containing |

|  |  | an inflation material; inflation tubing (61, 115) with a mating end (63) that opens a valve by separating opposing leaflets (51, 53) that are in an inflation port (39, 123) to inflate the cuff with the inflation material. |
|  | (61, 115) |  |

4. The Parties also disputed the construction of the term "valve" of claims 1, 14 and 23 of the '575 patent as follows:

| Claim Term | Samuels | Defendants |
|---|---|---|
| **a valve integral [with the inflatable cuff, cl. 1] [with said inflation port, cl. 14] [with one of the plurality of cuffs, cl. 23] for permitting entry of the inflation material . . . and thereafter sealing said cuff to prevent deflation** | Any structure that affects fluid flow, formed or combined as a unit with the cuff, and is capable of not stopping inflation material from entering the cuff from the means for injecting and capable of stopping inflation material from leaving the cuff after the injection material has entered the cuff to prevent deflation. | a device built-in to the [cuff] [inflation port] [one of the cuffs] that has a movable part (such as leaflets) that opens to permit entry of the inflation material and thereafter closes to seal the cuff to prevent deflation. This construction does not cover inflation tubing inserted into an inflation port with an interference fit. |
| **Claim Term** | **Samuels** | **Defendants** |
| **a valve** | Any structure that affects fluid flow | See above |
| **Claim Term** | **Samuels** | **Defendants** |
| **"for permitting entry of the inflation material from the means for injecting and thereafter sealing said cuff to prevent deflation"** | Capable of not stopping inflation material from entering the cuff from the means for injecting and capable of stopping inflation material from leaving the cuff after the injection material has entered to cuff to prevent deflation. | See above |

5.  The Parties also disputed the construction of the term "inflatable and deflatable cuff," "a cuff," and "a plurality of cuffs" of claims 1, 14 and 23 of the '575 patent as follows:

| Claim Term | Samuels | Defendants |
|---|---|---|
| **inflatable and deflatable cuff of generally hollow cylindrical continuation (sic. configuration)** | Cuff of generally hollow cylindrical configuration (per Claim Construction Order) | a band-like structure that has an inner surface and outer surface creating an inflatable chamber that may be inflated by filling the chamber with fluid or deflated by allowing the fluid to leave in ordinary use |

6.  The Parties now stipulate that, given the Court's construction of the term "means for injecting an inflation material into said cuff to inflate it" as set forth in the Court's Claim Construction Order (Dkt. No. 92) as well as the statement at page 7 of the cuff 17 having to be "inflated and deflated by means of a valve, indicated generally at 37 in FIGS 4a and 4b, which is integral with inflation port 39 of cuff 17" in the '575 Patent, Samuels cannot prove infringement of claims 1-7, 9-11, and 13 of the '575 patent by the Defendants.

7.  The Parties now stipulate that, given the Court's construction of the term "means for inflating the cuff with inflation material" as set forth in the Court's Claim Construction Order (Dkt. No. 92) as well as the statement at page 7 of the cuff 17 having to be "inflated and deflated by means of a valve, indicated generally at 37 in FIGS 4a and 4b, which is integral with inflation port 39 of cuff 17" in the '575 Patent Samuels cannot prove infringement of claims 14-17, 19-21, and 23-24 of the '575 patent by the Defendants.

8.  The Parties further stipulate that, given the Court's construction of the term "a valve integral with the inflatable cuff for permitting entry of the inflation material from the means for injecting and thereafter sealing said cuff to prevent deflation" as set forth in the Court's Claim Construction Order (Dkt. No. 92), Samuels cannot prove infringement of claims 1-7, 9-11 and 13 of

the '575 patent by the Defendants.

9. The Parties further stipulate that, given the Court's construction of the term "a valve integral with the inflatable cuff for permitting entry of the inflation material from the means for inflating and thereafter sealing said cuff to prevent deflation" as set forth in the Court's Claim Construction Order (Dkt. No. 92), Samuels cannot prove infringement of claims 14-17, 19-21, and 23-24 of the '575 patent by the Defendants.

10  The Parties further stipulate that, given the Court's construction of the term "a valve" as set forth in the Court's Claim Construction Order (Dkt. No. 92), Samuels cannot prove infringement of claims 1-7, 9-11, 13-17, 19-21, and 23-24 of the '575 patent by the Defendants.

11. The Parties further stipulate that, given the Court's construction of the term "for permitting entry of the inflation material from the means for injecting and thereafter sealing said cuff to prevent deflation" as set forth in the Court's Claim Construction Order (Dkt. No. 92), Samuels cannot prove infringement of claims 1-7, 9-11 and 13 of the '575 patent by the Defendants.

12. The Parties further stipulate that, given the Court's construction of the term "for permitting entry of the inflation material from the means for inflating and thereafter sealing said cuff to prevent deflation" as set forth in the Court's Claim Construction Order (Dkt. No. 92), Samuels cannot prove infringement of claims 14-17, 19-21, and 23-24 of the '575 patent by the Defendants.

13. The Parties further stipulate that, given the Court's construction of the term "inflatable and deflatable cuff of generally hollow cylindrical continuation [sic configuration]" as set forth in the Court's Claim Construction Order (Dkt. No. 92), including that "an 'inflatable cuff' must mean that the entire structure is inflated' as set forth in footnote 9 of Dkt. No. 92, Samuels cannot prove infringement of claims 1-7, 9-11, and 13 of the '575 patent by the Defendants.

14. The Parties further stipulate that the Court enter judgment of non-infringement as to the '575 patent to conserve judicial resources and to avoid the time and expense of further discovery

and motion practice related to the '575 patent. Plaintiff is not asserting any other claims of the '575 patent other than claims 1-7, 9-11, 13-17, 19-21, and 23-24. Upon entry of such judgment, Samuels intends to appeal the Court's forthcoming entry of judgment of non-infringement based on this stipulation.

15. The Parties further stipulate that Rule 54(b) authorizes a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims … if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In view of the Court's claim construction, as described above, and because the non-infringement issue is separable from the remaining counterclaims, in the interest of sound judicial administration, there is no just reason for delaying the entry of final judgment of non-infringement as to the '575 patent, and final judgment of non-infringement, subject to the Court's approval, is hereby entered pursuant to Fed. R. Civ. P. 54(b).

16. As to TriVascular's Second through Fifth Counterclaims, the Parties further stipulate that the counterclaims, subject to the Court's approval, are hereby stayed pending Samuels's appeal of the judgment of non-infringement as to the '575 patent. Defendants are preserving their rights and by entering into this stipulation Defendants do not waive the right to assert non-infringement under any claim limitations or claim constructions if the case is remanded. The stay shall be lifted after the appellate court's issuance of the mandate regarding Samuels's appeal of the Court's judgment, or if Samuels later chooses to abandon an appeal, the stay shall be lifted after Samuels provides notice that he is abandoning the appeal.

17. The Parties further stipulate that in order to promote judicial efficiency and to conserve litigation costs, the deadlines for the Bill of Costs and Motion for Fees (including Motion for Fees pursuant to 35 U.S.C. § 285) concerning the non-infringement judgment that is the subject of this Stipulation be delayed until 21 days after the appellate court's issuance of the mandate

regarding Samuels's appeal of the Court's judgment, or if Samuels later chooses to abandon an appeal, the deadlines be delayed until 21 days after Samuels provides notice that he is abandoning the appeal.

**IT IS SO AGREED AND STIPULATED:**

DATED:  December 15, 2015

Respectfully submitted,

*/s/ Marc H. Cohen*
Marc H. Cohen
Lien K. Dang
KIRKLAND & ELLIS LLP
3330 Hillview Avenue
Palo Alto, CA 94304
Telephone: (650) 859-7000
Facsimile:  (650) 859-7500
marc.cohen@kirkland.com
lien.dang@kirkland.com

Attorneys for Defendants
TriVascular, Inc., Michael A. Chobotov,
    Robert G. Whirley, and Joseph W.
    Humphrey

Respectfully submitted,

*/s/ James D. Petruzzi*
James D. Petruzzi (SBN 115175)
THE PETRUZZI LAW FIRM
4900 Woodway, Suite 745
Houston, TX 77056
Telephone: (713) 840-9993
Facsimile: (713) 877-9100
jdpetruzzi@gmail.com

Martin J. Siegel
700 Louisiana, Suite 2300
Houston, TX 77002
Telephone: (713) 226-8566
Martin@Siegelfirm.com

Attorneys for Plaintiff
DR. SHAUN L.W. SAMUELS

**ATTESTATION OF CONCURRENCE IN FILING**

I, James D. Petruzzi, am the ECF User whose identification and password are being used to file this Joint Stipulation.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Marc H. Cohen of Kirkland & Ellis, LLP has concurred in this filing.

*/s/ James D. Petruzzi*
James D. Petruzzi (SBN 115175)
THE PETRUZZI LAW FIRM
4900 Woodway, Suite 745
Houston, TX 77056
Telephone: (713) 840-9993

Facsimile: (713) 877-9100
jdpetruzzi@gmail.com

Attorneys for Plaintiff
DR. SHAUN L.W. SAMUELS

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**   The Clerk of the Court is directed to close this case.

DATED:   12/17/15

_____
UNITED STATES DISTRICT COURT JUDGE



# CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2015 that a copy of the foregoing document is being electronically filed with the Clerk of the United States District Court for the Northern District of California by using the CM/ECF system, which will send notice of such filing to all counsel of record.

Dated: December 15, 2015        */s/ James D. Petruzzi*
James D. Petruzzi (SBN 115175)
THE PETRUZZI LAW FIRM
4900 Woodway, Suite 745
Houston, TX 77056
Telephone: (713) 840-9993
Facsimile: (713) 877-9100
jdpetruzzi@gmail.com

Attorneys for Plaintiff
DR. SHAUN L.W. SAMUELS